# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dennis Montgomery,<br><br>                    Plaintiff,<br><br>v.<br><br>James Risen, et al.,<br><br>                   Defendants. | Case No.: 15-cv-02035-AJB-JLB<br><br>Order Denying Motion to Compel Compliance with Subpoena to Michael Flynn<br><br>[ECF No. 6] |

Presently before the Court is Plaintiff's motion (ECF No. 6) seeking to compel third party Michael J. Flynn under Federal Rule of Civil Procedure 45 to comply with a subpoena to testify and produce documents at a deposition that was noticed for September 14, 2015. As explained herein, the motion is DENIED for lack of jurisdiction over the subpoena and for failure to demonstrate proper service in compliance with Federal Rule of Civil Procedure 45.

"A subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Here, the relevant subpoena issued in connection with a civil action that is pending in the United States District Court for the Southern District of Florida. (ECF No. 6-2 at 2.) Thus, in compliance with Federal Rule of Civil Procedure 45, the subpoena issued out of the United States District Court for the Southern District of Florida. (*Id.*); Fed. R. Civ. P. 45(a)(2).

The filings before the Court reflect that Mr. Flynn did not serve any written objections to compliance with the subpoena. Thus, Plaintiff seeks to have this Court

resolve the issue of whether Mr. Flynn failed to obey a properly served subpoena. "Challenges to compliance are to be made to the court where compliance is required." 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 45. "The court for the district where compliance is required . . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ." Fed. R. Civ. P. 45(g).

The Court lacks the jurisdiction under the Federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required. The subpoena indicates compliance is required at the following address: La Mirada Executive Suites, 14241 E. Firestone Blvd., Suite 400, La Mirada, CA 90638. (ECF No. 6-2 at 2.) La Mirada is a city in southeast Los Angeles County. Los Angeles County is not within the geographical territory of the District Court for the Southern District of Californian. Thus, because compliance is not required in this district, Plaintiff's motion must be denied.

Even if this Court had jurisdiction over the subpoena, the motion would be denied for failure to demonstrate proper service in compliance with Federal Rule of Civil Procedure 45. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. P. 45(b)(4).

Here, to show proper service, Plaintiff attaches both a declaration and "Proof of Service." The declaration is dated September 10, 2015 and states, in pertinent part: (1) "I requested . . . a copy of the affidavit of service by facsimile, however **the affidavit of service has been misplaced**. I received what had been faxed to me by [the process server] Mr. Berg and it confirmed service on Mr. Flynn."; and (2) "**We are currently awaiting a copy of the affidavit of service**, which will be filed as a supplement to this

motion." (ECF No. 6-3, ¶¶8, 11 (emphasis added).)  In contrast, there is a Proof of Service included within the same exhibit number as the declaration that indicates Mr. Flynn may have been personally served with a subpoena on August 27, 2015.  (ECF No. 6-3 at 5.)  The Proof of Service is in direct conflict with the declaration insofar as Plaintiff claims to be unable to locate an affidavit of service.[1]  Also problematic is the fact that the Proof of Service is neither authenticated nor explained in Plaintiff's papers.  Further, the Proof of Service reflects a failure to tender fees to Mr. Flynn for 1 day's attendance and any mileage associated therewith as required by Rule 45.  (*Id.*); Fed. R. Civ. P. 45(b)(1).  As a result of the above discrepancies and deficiencies in the record, the Court is not persuaded that the subpoena was properly served.

      For the reasons stated above, Plaintiff's Motion to Compel Compliance with Subpoena to Michael Flynn (ECF No. 6) is DENIED.[2]

      IT IS SO ORDERED.

Dated:  October 30, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] An additional conflict in the record is that the Proof of Service states a subpoena was served on August 27, 2015, whereas Plaintiff's papers state that Mr. Flynn was served the day before, on August 26, 2015.

[2] Also for the reasons stated above, Plaintiff's request to transfer this motion to the Southern District of Florida is denied.