UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Dennis Montgomery, | Case No.: 15-cv-02035-AJB-JLB |
|---|---|
| Plaintiff, | |
| v. | Order Denying Motion for Reconsideration of Motion to Compel Compliance with Subpoena to Michael Flynn |
| James Risen, et al., | |
| Defendants. | [ECF No. 10] |

Plaintiff's pending motion, titled "Motion for Reconsideration of Motion to Compel Compliance with Subpoena to Michael Flynn, or in the Alternative, Expedited Objection to Magistrate Judge's Order of October 30, 2015" (ECF No. 10), is DENIED for the following reasons:

1. Plaintiff moves for reconsideration of this Court's Order under Federal Rule of Civil Procedure 59, but fails to present facts, evidence, or law demonstrating that reconsideration is warranted under Rule 59. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.");

2. As this Court previously held, this district court lacks jurisdiction to enforce the subpoena at issue under Federal Rule of Civil Procedure 45(g). (ECF No. 9.) Plaintiff fails to address this. Instead, Plaintiff argues that this district court has

personal jurisdiction over Mr. Flynn because he was served within this district. (ECF No. 10 at 2.) This argument is misplaced.[1] Plaintiff chose to serve a subpoena with a place of compliance that appears to be within 100 miles of the address listed for Mr. Flynn, but that place of compliance is nonetheless a city outside of this district. Therefore, there is no authority for this Court's jurisdiction. (ECF No. 9); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12cv3393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) ("'[u]nder the current version of the Rule [45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.'"); *Sandifer v. Hoyt Archery, Inc.*, No. 12cv322, 2014 WL 3540812, at *4 (M.D. La. July 17, 2014) ("Any motion . . . to compel Mr. Ragsdale's compliance with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required."); *SynQor, Inc. v. Vicor Corp.*, No. 14mc79, 2014 WL 2519242, at *1 (N.D. Tex. June 3, 2014) ("[B]ecause the underlying case is not pending in this Court and because the subpoenas notice . . . depositions for a location in another district, this Court has no basis or authority to address these subpoenas under Rule 26 or Rule 45.");

3. The Court remains unpersuaded that Plaintiff effectuated proper service of the subpoena. For example, the record is still deficient with respect to whether the fees and costs for mileage were tendered to Mr. Flynn for 1 day's attendance at deposition as required by Rule 45. Counsel's vague, untimely, and unsworn claims that "any and all witness fees were sent by U.S. Mail" do not constitute evidence that the fees and mileage were tendered as required by Rule 45. (ECF No. 10 at 2); and

---

[1] Although not relied on for purposes of this order, the Court notes that contrary to Plaintiff's factual assertion otherwise, the District Court for the Central District of California's Southern Division appears to be less than 100 miles from the Rancho Santa Fe address listed for Mr. Flynn on the Proof of Service filed in this case. (*See* ECF No. 10 at 2; ECF No. 6.3 at 5.)

4. Finally, Plaintiff's motion was filed in violation of this district court's local rules and the chambers rules for both Magistrate Judge Jill L. Burkhardt and District Judge Anthony J. Battaglia.  Therefore, to the extent Plaintiff believes that he has successfully filed other motions in addition to the instant motion for reconsideration (specifically an objection to the undersigned's October 30, 2015 Order and a motion for an expedited hearing of that objection), the Court clarifies that he has not.  Such motions must be filed separately and in compliance with Federal Rule of Civil Procedure 72, Civil Local Rule 7.1, and the Civil Case Procedures for the Honorable Anthony J. Battaglia.

IT IS SO ORDERED.

Dated:  November 5, 2015

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge